UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARWAN GREEN, | Case No.  25-cv-06679-JSC |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO REMAND TO STATE COURT** |
| FLOWERS BAKERIES SALES OF NORCAL, LLC, | Re: Dkt. No. 12 |
| Defendant. | |

Plaintiff brings this putative class action alleging various wage and hour claims under California state law.  (Dkt. No. 1-2.)[1]  Plaintiff originally filed this suit in Alameda County Superior Court, then Defendant removed the case to federal court on diversity jurisdiction grounds.  (Dkt. No. 1 at 2.)  Now pending before the Court is Plaintiff's Motion for Order Remanding Action to State Court.  (Dkt. No. 12.)  Plaintiff argues Defendant has not met its burden of proving the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332(a). After considering the parties' written submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS Plaintiff's motion.  Defendant has not met its burden to show the amount in controversy exceeds $75,000.  Even if the Court accepted Defendant's assumption that Plaintiff's damages and penalties totaled $18,491, Plaintiff's future attorneys' fees award would not push the amount in controversy beyond $75,000 because in a putative class action, "the potential attorneys' fees should be attributed pro rata to each class member," *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1179–80 (9th Cir. 2025) (citing *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (cleaned up), and Plaintiff

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    estimates the class size to be at least 100 individuals.  (Dkt. No. 1-2 ¶ 42.)

2                                    **BACKGROUND**

3            Defendant is an LLC whose sole member, Flowers Foods, Inc., is headquartered and

4    incorporated in Thomasville, Georgia.  (Dkt. No. 1-6 ¶¶ 2-4.)  Plaintiff began working for

5    Defendant on April 8, 2024.  (Dkt. No. 1-2 ¶ 16.)

6            On June 30, 2025, Plaintiff filed the instant lawsuit in state court alleging causes of action

7    under California's wage and hour laws for (1) failure to pay all minimum wages, (2) failure to pay

8    all overtime wages, (3) failure to provide meal breaks, (4) failure to provide rest periods, (5)

9    failure to provide sick pay, (6) wage statement violations, (7) failure to reimburse necessary

10   business expenses, and (8) Unfair Competition.  (Dkt. Nos. 1-2; 1-4.)  Plaintiff served Defendant

11   with the Complaint on July 8, 2025.  (Dkt. No. 1-3.)

12           Defendant filed the Notice of Removal on August 7, 2025, alleging diversity jurisdiction.

13   (Dkt. No. 1.)  In particular, Defendant alleged the Court had diversity jurisdiction under 28 U.S.C.

14   § 1332, (*id.* at 3), which requires the "matter in controversy exceeds the sum or value of $75,000."

15   28 U.S.C. § 1332(a).  Plaintiff's motion contends Defendant has failed to show by a

16   preponderance of the evidence the amount in controversy is greater than $75,000.

17                                    **DISCUSSION**

18           A district court must remand a removed action "if at any time before final judgment it

19   appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Courts must

20   "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d

21   564, 566 (9th Cir. 1992). "Th[is] 'strong presumption' against removal jurisdiction means that the

22   defendant always has the burden of establishing that removal is proper." *Id.*

23           "[D]iversity jurisdiction requires complete diversity between the parties – each defendant

24   must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp.*

25   *Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008); 28 U.S.C. § 1331. Here, there is no

26   dispute the diversity of citizenship requirement is met. But in addition to complete diversity, the

27   amount in controversy must exceed the "sum or value of $75,000." 28 U.S.C. § 1332(a).  The

28   parties dispute whether this requirement is met.

United States District Court
Northern District of California

                                        2

1    "Generally, the amount in controversy is determined from the face of the pleadings." *Crum*

2    *v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). "Where it is not facially evident

3    from the Complaint that more than $75,000 is in controversy, the removing party must prove, by a

4    preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."

5    *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Here, the

6    complaint is silent as to the amount in controversy because Plaintiff does not seek a specific dollar

7    amount in damages.  (Dkt. No. 1-3 Prayer for Relief ¶¶ 3-13.)  Accordingly, "[D]efendant's notice

8    of removal need include only a plausible allegation that the amount in controversy exceeds the

9    jurisdiction threshold" unless, as here, Plaintiff contests Defendant's allegations, in which case

10   "both sides submit proof and the court decides, by a preponderance of the evidence, whether the

11   amount-in-controversy requirement has been satisfied[.]" *Dart Cheroke Basin Operating Co.,*

12   *LLC v. Owens*, 574 U.S. 81, 88, 89 (2014).

13   "The amount in controversy is the 'amount at stake in the underlying litigation.'" *Fritsch v.*

14   *Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Gonzales v.*

15   *CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)). As relevant here, "the amount

16   in controversy includes damages (compensatory, punitive, or otherwise)" and "attorneys' fees

17   awarded under fee-shifting statutes or contract." *Fritsch*, 899 F.3d at 793. When assessing

18   attorneys' fees for purposes of determining the amount in controversy, "a court must include

19   future attorneys' fees" proven by a preponderance of the evidence. *Id.* at 794–95.

20   Here, Defendant estimates Plaintiff's amount in controversy is $119,741.  (Dkt. No. 1 at

21   15.)  Damages and penalties comprise $18,491 of that estimate, while $101,250 consists of

22   anticipated attorneys' fees.  (*Id.*)  Plaintiff challenges Defendant's estimate on two grounds: (1) the

23   damages and penalties estimate relies on unreasonable assumptions, and (2) Defendant

24   exaggerates the number of attorneys' hours needed to resolve the case.

25   The Court need not address either argument because *Rosenwald v. Kimberly-Clark Corp.*,

26   152 F.4th 1167 (9th Cir. 2025), which neither party addressed in their briefing, forecloses removal

27

28

here.[2] *Rosenwald* addressed a class action where, as here, subject matter jurisdiction was based on the $75,000 amount-in-controversy requirement for diversity jurisdiction rather than the Class Action Fairness Act; in particular, on when the amount in controversy is met if "at least one class member could recover more than $75,000." *Id.* at 1178. When calculating the amount in controversy in such cases, "potential attorneys' fees should be attributed … pro rata to each class member[.]" *Id.* at 1179 (quoting *Goldberg v. CPC Int'l Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982)). *Rosenwald* interpreted a fee-shifting provision awarding "'attorney's fees to a prevailing plaintiff,' not just a prevailing named plaintiff." *Id.* at 1179 n.3 (citing Cal. Civ. Code § 1780(e) and *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001)); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001) (fee award "to a successful party" in Cal. Civ. Proc. Code § 1021.5 must be divided equally); *id.* at 942-43 (citing out-of-circuit cases with the same interpretation of fee-shifting provisions).

Each of the four fee-shifting provisions at issue here similarly awards attorneys' fees to a prevailing plaintiff, not just a prevailing named plaintiff.  (Dkt. No. 1-2 Prayer for Relief ¶ 13.) First, attorneys' fees under California Code of Civil Procedure section 1021.5 "are not awarded solely to the named plaintiffs in a class action, and … they therefore cannot be allocated solely to those plaintiffs for purposes of amount in controversy." *Gibson*, 261 F.3d at 942. The three at issue Labor Code provisions, respectively, award attorneys' fees to (1) "the prevailing party," (2) "[a]n employee suffering injury," and (3) "[a]ny employee receiving less than the minimum wage or the legal overtime compensation." Cal. Lab. Code §§ 218.5(a), 226(e)(1), 1194(a). As with section 1021.5, the plain language of these provisions does not limit fee recovery to the named plaintiff and no court has held otherwise; so, "under the[ese] California law[s] at least, attorneys' fees are not awarded solely to the named plaintiffs in a class action." *Gibson*, 261 F.3d at 942. Indeed, *Gibson* approvingly cited an out-of-circuit case interpreting variations of each of these phrases to mean attorneys' fees are divided among class members for amount-in-controversy

_____

[2] The Court is not limited to the parties' arguments in deciding the amount in controversy because the Court is "obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 671 (9th Cir. 2021) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)).

United States District Court
Northern District of California

purposes. *See Gibson*, 261 F.3d at 942–43 (collecting the following cases); *Cohen v. Office Depot Inc.*, 204 F.3d 1069, 1080, 1080 n.11 (11th Cir. 2000) (interpreting "the prevailing party" in a Florida statute to mean "the entire class of plaintiffs … would 'prevail' in the action, and accordingly, it is the class … who would recover attorney fees"); *H&D Tire and Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330–31 (1st Cir. 2000) (Connecticut statute with the word "plaintiff" "does not specifically provide that attorneys' fees are awarded to the class representatives"); *Darden v. Ford Consumer Finance Co., Inc.*, 200 F.3d 753, 757–58 (11th Cir. 2000) (the phrase "any person who is injured" "gives each individual plaintiff in a putative class the right to recover attorneys' fees"). Accordingly, Plaintiff's potential fee award must be divided by the number of class members for amount in controversy purposes.

So, even if Plaintiff's damages and penalties at issue here total $18,641, diversity jurisdiction requires $56,360 in attorneys' fees "*per class member*." *Rosenwald*, 152 F.4th at 1179 (italics in original). Plaintiff estimates "the Classes consist of at least one hundred (100) individuals," which Defendant does not dispute.  (Dkt. No. 1-2 ¶ 42; *see* Dkt. Nos. 1, 19.)  To satisfy the amount in controversy with a class of 100 members, Plaintiff's attorneys' fees award would need to be roughly $5.6 million, *i.e.*, over 8,000 hours at Plaintiff's counsel's rate of $650 an hour.  (Dkt. No. 12-1 ¶ 3.)  Defendant has not shown that is likely to happen; of Defendant's cited cases, the upper end of what a plaintiff's attorney worked was 934 hours.  (Dkt. No. 19 at 11 n.2 (citing *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 *3 (E.D. Cal. Nov. 14, 2007)).)

Defendant's cited wage and hour cases in which courts estimated future attorneys' fees to be above $75,000 are not persuasive because they did not apportion attorneys' fees among all class members as Ninth Circuit law requires. *See, e.g.*, *Luciano v. GS Operating, LLC*, 2025 WL 654096 *2 (N.D. Cal. Feb. 28, 2025); *Kendall v. Verizon Data Services, LLC*, 2023 WL 218963 *1 (N.D. Cal. Jan. 17, 2023); *Ott v. Cooper Interconnect, Inc.*, 2023 WL 5530028 *4 (C.D. Cal. Aug. 25, 2023). So, Defendant has not shown the amount in controversy requirement is met by a preponderance of the evidence.

United States District Court
Northern District of California

**CONCLUSION**

For the reasons set forth above, Defendant has not shown, by a preponderance of the evidence, the amount in controversy exceeds $75,000 for the named plaintiff or any class member. So, the Court GRANTS Plaintiff's motion and remands the case to Alameda County Superior Court.

This Order disposes of Docket No. 12.

**IT IS SO ORDERED.**

Dated: November 6, 2025

JACQUELINE SCOTT CORLEY
United States District Judge