UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARWAN GREEN,<br><br>    Plaintiff,<br><br>v.<br><br>FLOWERS BAKERIES SALES OF NORCAL, LLC,<br><br>    Defendant. | Case No. 25-cv-06679-JSC<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 31 |

On November 6, 2025, the Court granted Plaintiff's motion to remand and remanded this case to the Alameda County Superior Court. (Dkt. No. 28.) The Court reasoned:

> Defendant has not met its burden to show the amount in controversy exceeds $75,000. Even if the Court accepted Defendant's assumption that Plaintiff's damages and penalties totaled $18,491, Plaintiff's future attorneys' fees award would not push the amount in controversy beyond $75,000 because in a putative class action, "the potential attorneys' fees should be attributed pro rata to each class member," *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1179–80 (9th Cir. 2025) (citing *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (cleaned up), and Plaintiff estimates the class size to be at least 100 individuals. (Dkt. No. 1-2 ¶ 42.)

(*Id.* at 1-2.) Now pending before the Court is Defendant's motion for leave to file a motion for reconsideration of that order. (Dkt. No. 31.) Defendant argues it did not have the opportunity to explain its position that *Rosenwald* did not apply. The Court DENIES Defendant's motion. None of the requirements for leave to file a motion for reconsideration are met.

## BACKGROUND

This Court remanded this case because Defendant had not met its burden of showing the amount in controversy exceeds $75,000 under *Rosenwald*. Similarly, the Court issued an Order to Show Cause in a related case with the same defendant, asking the defendant to explain how the

amount-in-controversy requirement is met in light of *Rosenwald*. *Hass v. Flowers Bakeries of Norcal, LLC*, 2025 WL 3141200 *1-2 (N.D. Cal. Nov. 10, 2025). Defendant filed a response arguing attorneys' fees should not be apportioned across the entire class, but the Court rejected this argument and remanded the related case. *Hass v. Flowers Bakeries of Norcal, LLC*, 2025 WL 3295328 *3-5 (N.D. Cal. Nov. 26, 2025). Defendant's response relied, in part, on *Forrest v. MAV KG, LLC*, 2025 WL 2753725 (E.D. Cal. Sept. 29, 2025), which the Court found unpersuasive because it did not mention two binding Ninth Circuit cases: *Rosenwald* and *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001). *See Hass*, 2025 WL 3295328 *4, *4 n.3. Those cases, the Court held, require future attorneys' fees to be apportioned across all class members when calculating the amount in controversy for diversity jurisdiction.

## DISCUSSION

Defendant's motion argues it "was not able to explain its position that attorneys' fees do not need to be apportioned among the class members to determine the amount in controversy for removal purposes and that *Rosenwald* did not apply." (Dkt. No. 31 at 4.) Defendant acknowledges, however, it raised this exact position in its response to the Order to Show Cause in the related case. (*Id.*) And after Defendant filed the instant motion, the Court remanded the related case, finding Defendant's arguments in its response unpersuasive. *See Hass*, 2025 WL 3295328 at *4-5.

On a motion for leave to file a motion for reconsideration, the moving party must show "one of the following:"

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

2

N.D. Cal. Civ. L.R. 7-9(b).  None of these requirements are met.  There is no "material difference in fact or law," nor has there been an "emergence of new material facts or a change of law" because *Rosenwald* is still good law.  Defendant contends "the case of *Forrest*[, 2025 WL 2753725] supports Defendant's position in opposition to remand" in this case, (Dkt. No. 31 at 4), but *Forrest* does not present a change in law regarding apportionment of attorneys' fees because it is a district court opinion that did not mention *Rosenwald*.  For that same reason, there was no "failure by the Court to consider … dispositive legal arguments which were presented to the Court."  L.R. 7-9(b)(3).  Defendant did not "present[] to the Court" its position regarding *Rosenwald* in its briefing in the instant case.  *Id.*  Rather, Defendant explained its position in its response to the Order to Show Cause in the related case, and the Court rejected Defendant's arguments.  *See Hass*, 2025 WL 3295328 *4-5, *4 n.3.  Accordingly, the Court DENIES Defendant leave to file a motion for reconsideration.

## CONCLUSION

The Court DENIES Defendant's motion for leave to file a motion for reconsideration.  Since the Court's order remanding the case, there has been no "material difference in fact or law" or an "emergence of new material facts or a change in law," and the Court did not "fail[] … to consider dispositive legal arguments which were presented to the Court."  L.R. 7-9(b)(1)-(3).  It is still good law that when calculating the amount in controversy in class actions where diversity jurisdiction is alleged, "the potential attorneys' fees should be attributed pro rata to each class member."  *Rosenwald*, 152 F.4th at 1179–80 (cleaned up).  Defendant had the opportunity to explain its position on this issue in the related case, and the Court rejected Defendant's arguments.

This Order disposes of Docket No. 31.

**IT IS SO ORDERED.**

Dated: December 2, 2025

*（signature: Jacqueline Scott Corley）*

JACQUELINE SCOTT CORLEY
United States District Judge

3